UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **JENNIFER HUENEBERG**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**ALPINE FREEZER, LLC**<br><br>Defendant. | Civil Case No.:<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant Alpine Freezer, LLC's ("Defendant") practice of sending autodialed text messages to individuals even after those individuals asked Defendant, in writing, to "stop." Defendant's actions violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff Jennifer Hueneberg is one such recipient of Defendant's spam text messaging. Defendant has sent numerous text messages to Plaintiff's cellular telephone number, including after Plaintiff expressly asked Defendant to "STOP" sending her text messages.

3. Furthermore, because Plaintiff Hueneberg did not provide her consent to receive any of the messages, she should not have had to reply "stop" to any messages.

4. All of these text messages were sent without Plaintiff's prior express consent.

5. All of these text messages were sent using an automatic telephone dialing system, and none of them were sent for an emergency purpose.

6. Accordingly, Plaintiff brings this TCPA action on behalf of herself and a proposed class of similarly situated individuals to whom Defendant send text messages without prior express

1

consent.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and is headquartered in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business within this District, because the wrongful conduct was emanated from this District, and because Defendant is headquartered in this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of San Diego, California.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

12. Defendant Alpine Freezer, LLC is, and at all times mentioned herein was, an Arizona corporation headquartered at 4050 E. Cotton Center, Suite 65, Phoenix, AZ 85040.

13. Defendant Alpine Freezer, LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

14. Beginning in approximately March 2016, Defendant began sending text messages to Plaintiff's cellular telephone, number 858-###-7480.

15. These messages primarily originated from Defendant's telephone number (602)-

833-0799.

16. Defendant's messages come in pairs, and are all identical in content:

> (1/2) Hi Jennifer, This is Kerry with Alpine Freezer. It's been awhile since we have spoken and I wanted to know how your frozen yogurt project is going! Do

> ***

> (2/2) you know about our Spring Kickoff Promotion? SAVE BIG $$ up to $1000 off on each Alpine 360 Series! Call me: 602-326-1236. Reply STOP to end updates.

17. Alpine 360 Series is a model of freezers Defendant sells.

18. The content of the messages makes them solicitations as defined at 47 CFR § 64.1200(i)(14).

19. Plaintiff never gave Defendant prior express written consent to call her cellular telephone.

20. Upon information and belief, Defendant obtained Plaintiff's telephone number through a third party source.

21. Defendant had emailed and called Plaintiff on previous occasions, and Plaintiff had told Defendant that she was not interested in their products.

22. In addition, on March 31, 2016, Plaintiff replied "Stop" to one of the text messages, to which Defendant's system replied:

> You have successfully been unsubscribed. You will not receive any more messages from this number.

23. Apparently, Defendant meant what it said in the most literal sense. The next week, Plaintiff received the following message from (602)-833-0829:

3

>(1/2) Hi Jennifer, This is Kerry with Alpine Freezer. It's been awhile since we have spoken and I wanted to know how your frozen yogurt project is going! Do
>
>***
>
>(2/2) you know about our Spring Kickoff Promotion? SAVE BIG $$ up to $1000 off on each Alpine 360 Series! Call me: 602-326-1236. Reply STOP to end updates.

24. While this telephone number is a different number than the telephone number to which Plaintiff sent her "stop" message, asking a company to stop contacting you is company specific, not telephone number specific.

25. Though Defendant did not have prior express written consent to begin with, Plaintiff's "stop" request was a revocation of any prior express written consent it believed that it had.

26. All of these text messages were sent using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store numbers, or to produce telephone numbers to be called using a random or sequential number generator.

27. This is evidenced by:

- The identical content and structure for the messages;
- The inability to stop the messages;
- That incoming messages are not monitored;
- That the messages can purportedly be stopped automatically via a "STOP" command;

- That none of the messages were sent with human intervention.

28. These text messages were not sent for an emergency purpose.

29. Furthermore, Plaintiff's cellular telephone number has been on the national "Do Not Call" list since April 28, 2007.

30. Defendant's unsolicited text message advertisements therefore violate two different provisions of the TCPA: 47 U.S.C. § 227(b) and 227(c).

31. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

- Device storage;
- Data usage;
- Plan usage;
- Lost time tending to and responding to the unsolicited texts;
- Invasion of Privacy.

32. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

33. Specifically, Plaintiff is entitled to at least $500 for each text message Defendant sent to her cellular telephone.

34. Plaintiff is also entitled to treble damages for texts made willfully or knowingly and in violation of the TCPA.

35. Defendant's actions were willful because Defendant sent the texts of its own volition.

36. Defendant's actions were knowing because Defendant knew it was sending text messages to a cellular telephone, knew it was using an automatic telephone dialing system, and

knew or should have known it did not have consent.

37. Accordingly, Plaintiff is entitled to $1,500 per text message sent to her cellular telephone.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two proposed classes defined as:

> Plaintiff and all persons within the United States to whose cellular telephone number Defendant Alpine Freezer, LLC sent, in the past four years, a text message, using an automatic telephone dialing system, after Defendant's records, or the records of any vendor with whom Defendant contracted to provide text messaging services, do not demonstrate Defendant had obtained "prior express written consent," or that indicate Defendant received a text message containing the single word "STOP" from that cellular telephone number.
>
> ("ATDS Class")
>
> Plaintiff and all persons within the United States to whose telephone number Defendant Alpine Freezer, LLC placed two or more calls, including text messages, constituting telephone solicitations, and whose telephone number was on the national "Do Not Call" registry prior to the calls, and with whom Defendant did not do business with in the preceding 18 months, or who asked Defendant to "stop" calling prior to the calls at issue.
>
> ("DNC Class) (collectively, "Classes").

39. Excluded from these Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

40. The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

41. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant or third-parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant sent its text messages or placed calls;

   b. The telephone numbers to which Defendant sent its text messages or placed calls;

   c. The telephone numbers which sent a "STOP" text message to Defendant;

   d. The telephone numbers to which a text message was sent after Defendant received a "STOP" text message from that telephone number;

   e. The content of these text messages;

   f. A list of telephone numbers on the national "Do Not Call" list.

42. The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

43. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

   a. Whether Defendant used an automatic dialing system in placing its calls;

   b. Whether Defendant took adequate steps to acquire and/or track consent;

   c. Whether and to what extent Defendant honored "STOP" requests from text message recipients;

   d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

44. Plaintiff is a member of the Classes in that she received text messages from Defendant to her cellular telephone number, which is on the "Do Not Call" list, including after she sent a "stop" text message, and had not done business with Defendant in the preceding 18 months.

45. Plaintiff's claims are typical of the Class members' claims in that they arise from Defendant's uniform conduct and are based on the same legal theories as Class members' claims.

46. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members spent time tending to Defendant's unwanted text messages and, due to the nature of text messages, the text messages at issue took up space on putative Class members' devices, used Class members' cellular telephone plans, caused a nuisance to Class members, and invaded Class members' privacy.

47. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

48. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

49. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

50. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

52. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the ATDS Class)

53. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

54. Defendant sent numerous text messages to Plaintiff and Class members on their cellular telephone numbers.

55. These text messages were sent without Plaintiff's and Class members' prior express written consent.

56. These text messages continued after Plaintiff and Class members responded "stop" to these text messages in an effort to stop further messages, thereby revoking any consent.

57. These text messages were all sent using an "automatic telephone dialing system."

58. The text messages were not sent for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

59. Plaintiff and Class members are entitled to an award of $500 in statutory damages for each post-"stop", non-confirmation text message, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff and Class members are entitled to an award of treble damages in an amount up to $1,500 for each text message, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the DNC Class)

61. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

62. Defendant placed numerous telephone solicitations to Plaintiff and Class members telephone numbers.

63. These telephone numbers were on the national "Do Not Call" registry.

64. These telephone calls and text messages were made in the absence of express consent or any other written agreement permitting these calls.

65. Many of these calls and text messages occurred after Plaintiff and Class members asked Defendant to stop calling.

66. Plaintiff and Class members each received two or more calls in a 12-month period.

67. Plaintiff and Class members do not have a business relationship with Defendant.

68. Plaintiff and Class members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

69. Plaintiff and Class members are entitled to an award of treble damages in an amount, pursuant to 47 U.S.C. § 227(c)(5).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennifer Hueneberg, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Hueneberg as the representative of the Classes, and appointing her counsel as Class Counsel;

  B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

  C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

  D. An award of statutory damages;

  E. An award of treble damages;

  F. An award of reasonable attorneys' fees and costs; and

  G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** May 6, 2016

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com